IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) KAREN SUE SPERLING, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 16-CV-101-JED-TLW |
| | ) | (Creek County District |
| 1) CSAA FIRE & CASUALTY INSURANCE | ) | Court Case No.:  CJ-2016-20) |
| COMPANY, a FOREIGN INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), hereby removes the above-captioned action from the District Court of Creek County, State of Oklahoma, to this Court.  Pursuant to LCvR 81.2, a copy of the State Court Docket Sheet, as well as all documents filed or served in the State Court action, are attached hereto as **EXHIBITS 1-3**.  CSAA has neither received nor filed other pleadings or papers in this case.

The removal of this case to Federal Court is based on the following:

## FACTUAL BACKGROUND

1.      Plaintiff, Karen Sue Sperling, a/k/a Karen Sue Petree-Frasure, a/k/a Karen Frasure, commenced this action against CSAA in the District Court of Creek County, State of Oklahoma (Case No.  CJ-2016-20), on or about January 19, 2016.  (*See generally* Petition, **EXHIBIT 2**.)

2.      Plaintiff alleges that on or about November 10, 2014, the property that is the subject of this litigation was vandalized by unknown individuals.  (*See* Petition, ¶ 4, **EXHIBIT 2**.)

3.      Plaintiff further alleges that at all relevant times, a "Rental Property Insurance Policy" issued by CSAA provided insurance coverage for the subject property.  (*See* Petition, ¶ 1, **EXHIBIT 2**.)

4.      According to Plaintiff, upon discovery of the claimed damage, she reported a loss to CSAA.  (*See* Petition, ¶ 4, **EXHIBIT 2**.)

5.      Plaintiff claims CSAA improperly denied her claim "on the grounds that vandalism occurred 'During a period of vacancy which exceeded 60 days.'" (*See* Petition, ¶¶ 5-6, **EXHIBIT 2**.)

6.      Plaintiff also claims that after retaining legal counsel, the insurance claim was "re-opened" and CSAA advised it would "make a payment, in part, with remaining losses going unpaid in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00)."  (*See* Petition, ¶ 7, **EXHIBIT 2**.)  According to Plaintiff, CSAA breached its contract with Plaintiff by refusing to pay the additional amounts.  (*See* Petition, ¶ 8, **EXHIBIT 2**.)

7.      Plaintiff further claims CSAA's conduct breached the implied duty of good faith and fair dealing and warrants the imposition of punitive damages.  (*See* Petition, ¶¶ 9-13,  **EXHIBIT 2**.)

8.      According to Plaintiff, the amount in controversy "exceeds the jurisdictional value of Seventy-Five Thousand Dollars ($75,000.00), pursuant to Title 28, § 1332 of the United States Code, as pleaded by this Plaintiff."  (*See* Petition, ¶ 13, **EXHIBIT 2**.)

<u>**COMPLETE DIVERSITY EXISTS**</u>

9.      "'Federal Courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

10.     At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally,* Petition, **EXHIBIT 2**.)

11.     However, as of the moment Plaintiff filed her Petition, diversity jurisdiction existed. Pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action over which this Court has original jurisdiction.   Specifically, this case is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

12.     At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the State of Oklahoma.  *See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004); (*See* Petition, ¶ 3, **EXHIBIT 2**.)  Plaintiff was not a citizen of the State of Indiana or California.

13.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State in which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

14.     At the time of filing, CSAA was a foreign corporation, incorporated under the laws of the State of Indiana, with its "nerve center" or "principal place of business" in California.  (*See* NAIC Company Demographics for CSAA, **EXHIBIT 4**.)  Thus, CSAA was deemed to be a citizen of Indiana and California.  CSAA was not a citizen of the State of Oklahoma.

15.     As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT
## REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

16.     Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the present case, this requirement is also met.

17.     The Tenth Circuit Court of Appeals has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed."  *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking in excess of $75,000.00.

18.     Specifically, Plaintiff claims "[t]hat the value of the present case exceeds the jurisdictional value of Seventy-Five Thousand Dollars ($75,000.00), pursuant to Title 28, § 1332 of the United States Code, as pleaded by this Plaintiff."  (*See* Petition, ¶ 13, **EXHIBIT 2**.)

19.     Therefore, based on the foregoing, the amount in controversy requirement is met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

20.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.  Specifically, it has not been 30 days since CSAA was served with this lawsuit.  (*See* Letter from CT Corporation transmitting the Summons and Petition to CSAA, dated February 2, 2016, **EXHIBIT 5**.)

21.     Additionally, pursuant to the same Federal Statute, one (1) year has not elapsed since the commencement of this action.  (*See generally*, Petition, filed on January 19, 2016,  **EXHIBIT 2**.)

22.     This lawsuit has been removed to the proper Federal District Court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the district and division within which such action is pending[.]" 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Creek County, State of Oklahoma.  The Northern District

of Oklahoma includes the County of Creek.  *See* 28 U.S.C. § 116(a).  Therefore, removal to this Court is proper.

23.     Pursuant to 28 U.S.C. § 1446(d), CSAA will serve written notice of the filing of this Notice of Removal upon Plaintiff.  CSAA has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Creek County, State of Oklahoma.

WHEREFORE, the Defendant, CSAA Fire & Casualty Insurance Company, removes this action from the District Court in and for Creek County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully Submitted,

s/ Erin J.  Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER
  & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:     405-606-3333
Facsimile:     405-606-3334
Email:  Jerry@pclaw.org
            erin@pclaw.org
**ATTORNEYS FOR DEFENDANT, CSAA FIRE & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Joseph F.  Bufogle, Sr., Esquire

s/ Erin J.  Rooney
For the Firm

I hereby certify that on February 19, 2016, I served the same document by U.S. Mail to the following, who are not registered participants in the ECF system:

Ms.  Amanda VanOrsdol, Court Clerk
222 East Dewey Avenue, Suite 201
Sapulpa, Oklahoma  74066

s/ Erin J.  Rooney
For the firm