FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK

JAN 19 2016

TIME_____

Amanda VanOrsdol, COURT CLERK

IN THE DISTRICT COURT IN AND FOR CREEK COUNTY
STATE OF OKLAHOMA

KAREN SUE SPERLING, an INDIVIDUAL )
)
)
Plaintiff, )   Case No. CJ 2016 20
v. )   Judge DOUGLAS W. GOLDEN
)
CSAA FIRE & CASUALTY INSURANCE )
COMPANY, a FOREIGN INSURANCE )   Trial by Jury Demanded
CORPORATION )   Attorney's Lien Claimed
)   pursuant to 5 O.S. Sect. 6
)
Defendant. )

## PETITION FOR INSURANCE PROCEEDS AND FAILURE TO RENDER GOOD FAITH AND FAIR DEALINGS

COMES NOW the Plaintiff, Karen Sue Sperling, a/k/a Karen Sue Petree-Frasure, a/k/a Karen Frasure ("Plaintiff") an individual, by and through her attorneys of record, Joseph F. Bufogle Sr., of the firm Bufogle & Associates, P.C., who for the causes of action against Defendant CSAA Fire and Casualty Company, hereinafter alleges and states as follows:

### CAUSE OF ACTION FOR BREACH OF CONTRACT

1. On or about the 10th day of November, 2014, Defendant CSAA Fire & Casualty Insurance Company ("AAA") maintained a policy which it had sold to the Plaintiff at her home in the City of Sapulpa, County of Creek, the said policy being a "Rental Property Insurance Policy" bearing policy number DP3-002795271 insuring the rent house owned by the Plaintiff located at 7101 S. 228th E. Ave, Broken Arrow, Oklahoma 74014, the said policy providing "Section 1" Property Coverage in the amount Two Hundred Thirty Thousand Nine Hundred and Two ($230,902.00) Dollars for the dwelling (coverage A), Twenty Three Thousand and Ninety ($23,090.00) Dollars for other structures located on the premises (coverage B), loss of personal

property in the amount of Eleven Thousand Five Hundred Forty Five ($11,545.00) Dollars (coverage C) and loss of fair rental value in the amount of Thirty Six Thousand One Hundred Eighty ($36,180.00) Dollars (coverage D). The policy provided covered against all perils," subject to a Five Hundred Dollar ($500.00) deductible with specific endorsements that verified AAA was aware that this was a rental property, owned by the insured and inhabited by third parties.

2. AAA is an out of state insurance company providing property and fire insurance packages to and upon property owned by private individuals in the State of Oklahoma.

3. Plaintiff is and has been, throughout the entirety of this matter, a resident of the County of Creek, the City of Sapulpa, the State of Oklahoma and that all sales, negotiations and handling by mail and personal delivery were made to the Plaintiff in Creek County, State of Oklahoma; that the said policy of insurance that is the subject matter of this case was part of a series of policies sold to the Plaintiff, issued by AAA and sent to the Plaintiff's residence in the City of Sapulpa, County of Creek, State of Oklahoma. That venue and jurisdiction are proper within this County and State.

4. That on or about the 10th day of November, 2014 the subject insured property was vandalized by unknown individuals who forcibly entered the said property, stole wiring, damaged the property and left offensive remarks and pictures upon the said property, all creating loss which was immediately reported to these Defendants on the same date and time of discovery of the loss.

5. The Defendant thereafter denied Plaintiff's claims on the grounds that vandalism occurred "During a period of vacancy which exceeded 60 days."

6. In fact, the Defendants were aware that the vacancy did not nullify the policy or act to deny coverages; that, in fact, the property was occupied and not abandoned; that coverage did exist

during the period of the loss that any unoccupancy at the time was due to delays of the Defendant, in that AAA delayed in assessing and paying for damages left by a previous tenant, that the said buildings were in the process of reconstruction at the time due to the previous loss, and that as such under the policy provisions of the said policy, the said premises was not vacant but being reasonably occupied for repairs; that the stated claim denial was, therefore, improper.

7. The Plaintiff was forced to seek legal counsel who, at that time, confronted AAA who then re-opened the claim and, almost one year after the date of the incident, the said AAA did advise the Plaintiff through Plaintiff's counsel, it would then make payment of the Plaintiff's losses, in part, with remaining losses going unpaid in an unspecified amount in excess of Ten Thousand ($10,000.00).

8. Defendant refuses to pay the additional amounts and is, as such, liable for breach of contract for said damages.

WHEREFORE, premises considered, Plaintiff prays judgment against the Defendant for breach of contract in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00), plus costs of this action, interest as is afforded by Statutes of the State of Oklahoma, attorney fees as are afforded by the statutes of the State of Oklahoma and any and all other relief as this Court may deem just and equitable, and demands trial by jury on the merits.

## CAUSE OF ACTION FOR TORTIOUS FAILURE TO RENDER GOOD FAITH AND FAIR DEALINGS

Karen Sue Sperling restates the facts alleged in paragraphs 1-8 above, and for Cause of Action for Tortious Failure to Render Good Faith and Fair Dealings, hereinafter further alleges and states as follows:

9. As a result of the wrongful denial of claims and delay in claim payment Plaintiff was forced to retain legal representation which caused her great economic damages in an unspecified amount in an excess of Ten Thousand Dollars (10,000.00);

10. Defendant eventually delayed in the payment of the claims of the Plaintiff, compromising Plaintiff's right of quiet enjoyment of her rental property, causing her to suffer distress and upset over having to somehow make mortgage payments on rental property that could not be repaired because no payments had been made upon these claims, and forcing the Plaintiff to find friends, associates, bankers and helpers to obtain the proceeds, during the course of AAA's denial, to experience delays in the resolution of these claims so as to cause her interest loss, economic distress and the personal distress of depreciation of her reputations in the community, plus the fear and agony over the loss of her rental property during this time.

11. As a result of the tortious failure to render good faith and fair dealings, arising out of Defendants denials of the claim and delays in adjusting and resolving the said claims, the Plaintiff suffered emotional distress, all valued in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00);

12. That the actions of the Defendant were outrageous to the reasonable and ordinary person so as to justify the assessment of damages in the nature of example and/or punishment in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00);

13. That the value of the present case exceeds the jurisdictional value of Seventy-Five Thousand Dollars ($75,000.00), pursuant to Title 28, § 1332 of the United States Code, as pleaded by this Plaintiff.

WHEREFORE, premises considered, Plaintiff prays judgment in tort for the failure to render good faith and fair dealings in insurance claim practices, in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00), punitive damages in an unspecified amount in excess of Ten Thousand Dollars ($10,000.00), plus costs of this action, interest as is afforded by Statutes of the State of Oklahoma, attorney fees and any and all other relief as this Court may deem just and equitable, and demands trial by jury on the merits.

Respectfully submitted,

BUFOGLE & ASSOCIATES, P.C.

By: _____
Joseph F. Bufogle, Sr., OBA # 10554
2405 E. Skelly Dr.
Tulsa, OK 74105
918-587-3407/918-587-3437 Facsimile
jfbufogle@msn.com

**ATTORNEY FOR PLAINTIFF**